**Electronically Filed**
**Intermediate Court of Appeals**
**30364**
**30-APR-2012**
**09:10 AM**

NO. 30364


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
HAROLD U. JIM, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CITATION NO. 3DTC-07-007647)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginzoa, JJ.)

Defendant-Appellant Harold U. Jim (Jim) appeals from the January 25, 2010 Judgment and Notice entered in the District Court of the Third Circuit, Puna Division (district court),[1] convicting him of Driving Without a License, in violation of Hawaii Revised Statutes (HRS) § 286-102 (2007).

On appeal, Jim contends[2] that the district court erred in convicting him where (1) it erroneously admitted and relied upon the State's Exhibit 1, paragraph 3, which represented that Jim was not exempt from the requirement of a license and (2) it failed to dismiss the complaint based upon Article XII of the Constitution of the State of Hawai'i and the Hawaiian Homes Commission Act of 1920 (HHCA).

---

[1] The Honorable Harry P.N. Freitas presided.

[2] Counsel for the State and counsel for Jim failed to comply with provisions of Hawai'i Rules of Appellate Procedure (HRAP) Rule 28. Counsel are cautioned that future failure to comply with the rules may result in sanctions.

Based on a careful review of the points on appeal, the arguments made, the record, and the applicable authority, we resolve Jim's contentions as follows:

**1.    Evidence of absence of a license exemption.**

Jim asserts that the district court erred in convicting him where it erroneously admitted and relied upon the State's Exhibit 1, paragraph 3, which represented that Jim was not exempt from the requirement of a license.

HRS § 286-102(a) reads now as it did at the time of Jim's citation:

> (a) No person, except one exempted under section 286-105, one who holds an instruction permit under section 286-110, one who holds a provisional license under section 286-102.6, one who holds a commercial driver's license issued under section 286-239, or one who holds a commercial driver's license instruction permit issued under section 286-236, shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

The State offered into evidence State's Exhibit 1, which was a certificate issued by the custodian of driver licensing records that reflected that on the date in question, Jim did not have a driver's license and, in paragraph 3, was not exempted from a license under Section 286-105. Jim objected to admission of State's Exhibit 1 on the basis that the HRS § 286-105 exemptions "cannot be ascertained except by actually looking at the vehicle or determining how the vehicle is being used at any given time" and further asserted that basis in closing argument.

In his opening brief on appeal, Jim advances a different argument, that (1) the court and the public could not know what "implements of husbandry and road machines" are where they are not statutorily defined, and (2) where there is ambiguity, the rule of lenity should control such that the statute should be construed in favor of the accused.[3]  The

---

[3]    In his reply brief, Jim raises additional arguments not reflected in his opening brief. An argument not raised in the opening brief cannot be

(continued...)

arguments on appeal were not the arguments made before the district court, and, therefore, are deemed waived. State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("[a]s a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal").

### 2. Motion to Dismiss the Complaint.

In his second point of error, Jim contends that the district court erred by failing to dismiss the complaint as an unconstitutional exercise of police power based upon Article XII of the Constitution of the State of Hawai'i and the HHCA. In his motion to dismiss before the district court, Jim asserted that State v. Jim, 80 Hawai'i 168, 907 P.2d 754 (1995), did not address the matters he is raising; that the State's exercise of police power is "in conflict with the aspect of racial equality in light of Article XII" of the Hawai'i Constitution, which states that "encumbrances authorized not be placed on Hawaiian home lands by officers other than those charged with the administration of such Act, shall not be increased, except with the consent of the United States" and where exercise of the State's police power here is such an additional encumbrance; and that exercise of the police power is a breach of a contract between the federal government and the State for the benefit of native Hawaiians by means of the HHCA where it interferes with the responsibility to preserve native Hawaiian racial equality and where the supremacy clause states that federal law shall prevail. Additionally, in the district court, Jim argued that his status as nobility in the Kingdom of Hawai'i was compromised because Article I, Sections 9 and 10 of the U.S. Constitution prohibit any State from granting any title of nobility. On appeal, Jim raises essentially the same arguments.

---

³(...continued)
raised for the first time in a reply brief, and such argument is deemed waived. See State v. Mark, 123 Hawai'i 205, 230, 231 P.3d 478, 503 (2010) (citing In re Hawaiian Flour Mills, Inc., 76 Hawai'i 1, 14 n.5, 868 P.2d 419, 432 n.5 (1994)). HRAP Rule 28(d) (providing that "[t]he reply brief shall be confined to matters presented in the answering brief").

As to the issue of a breach of contract that conflicts with racial equality of Native Hawaiians, Jim has not cited to any evidence in the record establishing that he was on Hawaiian Home Lands property at the time he committed this offense. Moreover, the exercise of police powers of the State in the instant case is not in conflict with provisions of the HHCA as encompassed in Article XII of the Hawai'i Constitution. See State v. Bereday, 120 Hawai'i 486, 493-94, 210 P.3d 9, 16-17 (App. 2009) (citing State v. Jim, 80 Hawai'i 168, 171-72, 907 P.2d 754, 757-58 (1995)). Additionally, the contract clause of the U.S. Constitution is not abridged and no consent of Congress is required where there is no breach of contract by the exercise of police powers in the matter at bar. Jim, 80 Hawai'i at 171-72, 907 P.2d at 757-58; see State v. Jim, 105 Hawai'i 319, 330-31, 97 P.3d 395, 406-07 (App. 2004) (following the precedent of State v. Jim, 80 Hawai'i 168, 907 P.2d 754, to defeat a claim that the complaint for obstructing government operations should be dismissed where the act occurred on Hawaiian Home Lands and is a breach of "trust as embodied in Congress' Homestead Act" and violates equal protection). As to Jim's contention regarding his status as nobility, he presented no evidence of this status, and, more importantly, no authority supporting his claim. The district court did not err in denying his motion to dismiss the complaint.

Therefore, the January 25, 2010 Judgment and Notice entered in the District Court of the Third Circuit, Puna Division, is affirmed.

DATED: Honolulu, Hawai'i, April 30, 2012.

On the briefs:

Vaughan S. Winborne, Jr.,
for Defendant-Appellant.

Thomas A. Oakes,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4